**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK HAUSEUR,<br><br>        Plaintiff,<br><br>    v.<br><br>NATALIE CLARK, et al.,<br><br>        Defendants. | Case No. 1:14-cv-01987-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART (ECF NO. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>ORDER THAT PLAINTIFF'S REQUEST FOR SANCTIONS BE HEARD AT THE INITIAL SCHEDULING CONFERENCE |

**I.    BACKGROUND**

Mark Hauseur ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983 and California Civil Code § 52 and 52.1. Plaintiff also asserts a claim for intentional infliction of emotional distress for alleged problems with the Jewish Kosher Diet Program and religious services at California State Prison-Corcoran, as well as a claim for declaratory relief under California Code of Civil Procedure § 1060. The § 1983 claims include violation of Plaintiff's First Amendment rights to exercise his religion, and retaliation in violation of the First Amendment.

This action was initiated by civil complaint filed by Plaintiff in the Kings County Superior Court on September 9, 2014 (Case #14-C0255). On December 10, 2014, Defendants Clark,

Graves, and Robicheaux-Smith (collectively "Defendants") removed the case to federal court and requested the Court to screen the complaint under 28 U.S.C. § 1915A. (ECF No. 2). The Court granted Defendants' request and screened the complaint. (ECF No. 14). The Court found in its screening order that Plaintiff stated a claim for violation of his First Amendment rights to free exercise of religion and for retaliation in violation of the First Amendment. (Id.). The Court also decided to exercise supplemental jurisdiction over Plaintiff's state law claims. (Id.). However, the Court stated that it did not make a determination about the validity of Plaintiff's state law claims. (Id.).

Defendants' motion to dismiss certain state law claims (ECF No. 15) is now before the Court.

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner incarcerated at California State Prison-Corcoran ("COR"). Plaintiff names as defendants Marlene Robicheaux-Smith (Community Resource Manager), Natalie Clark (Community Resource Manager), and Antoneya Graves (Correctional Food Manager) (collectively, "Defendants"). All of the defendants were employees or contract employees of the California Department of Corrections and Rehabilitation ("CDCR") at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff practices the Jewish religion and participates in the CDCR's Jewish Kosher Diet Program (JKDP). He alleges that Defendants are in charge of operating that program at COR. Plaintiff alleges that Defendants failed to provide kosher meals and Jewish services on many occasions during his incarceration. Those failures include failing to use kosher microwaves that were dedicated to meat-only or dairy-only; failing to create a roster of attendance for weekly in-chapel communal religious services when no Jewish chaplain was on staff; failing to provide proof of kosher meal entitlement to Plaintiff for eighteen months; obstructing Plaintiff from participating in in-chapel communal services; failing to maintain frozen food items needed to preserve kosher meals and prevent rotting and spoiling; failing to provide uncooked meals and unchopped vegetables on the Sabbath; prohibiting religious head covering; failing to hold Saturday Sabbath services; and failing to order sufficient Passover meals for Jewish prisoners

transferring to the prison. Plaintiff claims that Rabbi Y. Carron previously complained about "Grievous Kosher Concerns" to the prison but the problems went unremedied.

Plaintiff alleges that Defendant Smith had the authority to grant his appeal in full and cure all ongoing violations. According to Plaintiff, on October 25, 2013, Defendant Smith used this authority to coerce Plaintiff to withdraw his appeal. Specifically, Defendant Smith threatened that she would deliberately not cure the violations unless Plaintiff withdrew his appeal or until court action. Plaintiff alleges that Defendant Graves, upon replacing Defendant Smith, attempted the same coercion through inmate Hauser on January 28, 2014. Plaintiff also alleges that Defendant Clark, who had the authority to cure the microwave service violation (which was the subject of a separate appeal), attempted a similar coercion through inmate Hauser on February 28, 2014. According to Plaintiff, the appeals were not withdrawn and Defendants continued to interfere with Plaintiff's rights.

Plaintiff also alleges various attempts by Defendants to cover-up these deficiencies, thwart appeals, and backdate procedures to feign compliance.

According to Plaintiff, he suffers from physical and emotional distress from his inability to properly practice his faith. He claims that he experiences shame, humiliation, degradation, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, loss of enjoyment of life, inconvenience, mortification, indignity, apprehension, embarrassment, terror, and ordeal. Plaintiff alleges that he requested psychological assistance and Rabbinical counseling immediately upon discovery the possibility that Defendants had been rendering his meals unfit for Kosher observance. Plaintiff states that he also had physical symptoms, including insomnia, constipation, vomiting, stress, paranoia, shame, sever anxiety, degradation, and fear of more reprisals.

Plaintiff asserts four causes of action. First, he asserts a claim under 42 U.S.C. § 1983 for deprivation of his right of religious exercise in violation of the First Amendment to the U.S. Constitution. Second, he asserts a state law claim for interference with civil rights under California Civil Code §§ 52 and 52.1. Third, he asserts a state law claim for intentional infliction of emotional distress. Fourth, he asserts a claim for declaratory relief under C.C.P. § 1060.

### III. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Plaintiff's state law claims under California Civil Code §§ 51, 52, and 52.1 because Defendants are not a business establishment, and because Defendants did not use threats, intimidation, or coercion. (ECF No. 15-1, p. 2). Additionally, Defendants assert that they are immune from all of Plaintiff's state claims under California Government Code § 845.2, to the extent those claims are premised on the failure to provide equipment, facilities, and personnel for the Jewish Kosher Diet and religious services. (Id.).[1]

#### A. Legal Standard

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236 (1974).

---

[1] One of Plaintiff's arguments against Defendants' motion to dismiss is that the Court has already decided to exercise jurisdiction over Plaintiff's state law claims, and that it should continue to do so. (ECF No. 16, pgs. 2-3). However, the issue before the Court here is not jurisdiction. The issue is whether any of Plaintiff's state law clams should be dismissed because Plaintiff did not state a claim upon which relief can be granted. As mentioned above, the Court did not make a determination about the validity of Plaintiff's state law claims when it screened this case. (ECF No. 14, p. 7 n. 1).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).

**B. Discussion**

**1. California Civil Code §§ 51 & 51.7[2]**

California Civil Code § 51, commonly known as the Unruh Civil Rights Act, states "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services *in all business establishments* of every kind whatsoever" (emphasis added).

---

[2] The Court notes that it does not appear that Plaintiff has asserted a claim under California Civil Code §§ 51 or 51.7 in his complaint. (ECF Nos. 2 & 14). However, Defendants have moved to dismiss Plaintiff's claim under § 51, and Plaintiff has argued that his claim under § 51.7 should go forward. Additionally, §§ 51 and 51.7 are related to other claims that Plaintiff asserted. Accordingly, the Court will address §§ 51 and 51.7.

5

California Civil Code § 51.7 states, in relevant part, "[a]ll persons within ... this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, ... or because another person perceives them to have one or more of those characteristics." One of the characteristics listed in § 51(b) is "religion."

Defendants assert that they are not business establishments, but are instead employees of state operated prisons. The Court agrees and dismisses any claim under § 51 on the basis that the named defendants are not business establishments for purposes of § 51 (although it was not explicitly named in Plaintiff's complaint).

Plaintiff argues that Defendants may nevertheless be liable under section 51.7, which is not limited to business establishments. Defendants argue that Plaintiff did not allege a violation of § 51.7 in his complaint, and that Plaintiff appears to be making additional factual allegations in his opposition to Defendants' motion for summary judgment. (ECF No. 19, p. 3). In response, Plaintiff concedes that he is asserting additional legal theories and facts, and asks for leave to amend his complaint (ECF No. 16, pgs. 9-10). Those additional facts mentioned in Plaintiff's opposition, but not in Plaintiff's complaint, include the allegation that certain defendants stated (although it is unclear when or to whom) 1) "'you remember the 'gladiator fights'?'"; 2) "'[d]id you see what we did to Singer and Thomas? (two Jewish Inmates who were beaten) The same thing can happen to you.'"; and 3) "'Remember we protect our own.'" (ECF No. 16, p. 9).

The Court will grant Defendants' motion to dismiss section 51.7 claims at this time because they were not asserted in Plaintiff's complaint and are not supported by allegations in the current complaint. But the Court recommends giving Plaintiff leave to amend his complaint within 30 days of the Court's order on these Findings and Recommendations to add a claim under section 51.7 to the extent he believes that he can do so consistent with the law. Fed. R. Civ. P. 15(a)(1)(2) ("The court should freely give [leave to] amend when justice so requires."). The Court cannot determine at this time whether amendment would be futile without additional facts regarding who said what, when, in what context in order to assess whether any of the named

defendants threatened "violence, or intimidation by threat of violence, committed against their persons or property because of" Plaintiff's religion.

The Court notes that, "[a]s a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (second alteration in original), citing Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Additionally, absent Court approval, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, if Plaintiff files an amended complaint, it should include all claims and allegations already found by this Court to state a valid claim, as well as additional facts and claims regarding a section 51.7 claim.

### 2. California Civil Code § 52

California Civil Code § 52 is not an independent cause of action. Instead, it provides remedies for violations of California Civil Code section 51, 51.5, 51.6, 51.7, and 51.9. Cal. Civ. Code § 52; Los Angeles Cty. Metro. Transp. Auth. v. Superior Court, 123 Cal. App. 4th 261, 269 (2004); Archibald v. Cinerama Hawaiian Hotels, Inc., 73 Cal. App. 3d 152, 159 (1977), disapproved on other grounds in Koire v. Metro Car Wash 40 Cal.3d 24 (1985). For the reasons stated above, a § 51 claim is not viable. While a § 51.7 claim might be viable, § 52 provides the remedies for a violation, not a separate cause of action. Accordingly, the Court finds that Defendants' motion to dismiss Plaintiff's cause of action under § 52 should be granted.

### 3. California Civil Code § 52.1

Plaintiff's claim under California Code § 52.1 is based on the allegation that Defendants interfered with or attempted to interfere with Plaintiff's "free exercise of religion via group worship/congregational prayer ('services'), providing a nutritionally sound kosher diet, following of requisite Health and Safety Codes, and freedom from retaliation for filing of prison grievances." (ECF No. 16, p. 10). Defendants move to dismiss this claim on the ground that Plaintiff's complaint fails to allege threat, coercion, or intimidation, as required for a § 52.1 claim. (ECF No. 15-1, pgs. 6-7). Specifically, Defendants assert that their alleged failure to respond to grievances and requests does not amount to a threat, intimidation, or coercion under §

52.1 and that asking an inmate to withdraw an appeal is not something that a reasonable person would believe was a threat of violence. (Id. at p. 7).

In Plaintiff's opposition, Plaintiff states that "[f]ollowing the filing of the present case Defendants Smith and Clark did, intentionally and with full knowledge of the pending litigation, continue to interfere with Plaintiff's rights via denial of services, SPO's,[3] donations from an outside agency, and giving of moldy/rotten and expired food, misuse of contaminated microwaves rendering food 'trayfe' [non-kosher], and in further showing of irreverence has granted kosher diets to and immediately supplied Religious Diet Cards to founding members of neo-nazi skinhead hate groups, Catholics, Rastafarians, and Messianic Christians…." (ECF No. 16, p. 11).

### *i.* *Legal Standard*

California Civil Code § 52.1, commonly known as the Bane Act, provides a cause of action for "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," (Cal. Civ. Code § 52.1(b)) "*by threat, intimidation, or coercion*" (Cal. Civ. Code § 52.1(a)) (emphasis added).

Also according to the statutory language, "[s]peech alone is not sufficient to support an action brought pursuant to [the Bane Act], except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(j). A court in this jurisdiction has held that "[i]n evaluating the threatening or coercive conduct, the Court must consider whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." Muhammad v. Garrett, 66 F. Supp. 3d 1287, 1296 (E.D. Cal. 2014) (internal quotations omitted).[4]

---

[3] The Court infers from Plaintiff's complaint that SPO refers to Special Purchase Order.

[4] The Court takes note that one unpublished case from the Ninth Circuit Court of Appeals seems to suggest that violence or the threat of violence is not required. Moreno v. Town of Los Gatos, 267 F. App'x 665, 666 (9th Cir.

8

### ii. *Analysis*

The Court agrees with Defendants that Plaintiff has failed to allege threat, intimidation, or coercion under the Bane Act, because none of the allegations in Plaintiff's complaint involve violence or the threat of violence. Plaintiff's opposition to Defendants' motion to dismiss does provide a list of what Defendants Smith and Clark have allegedly done after Plaintiff filed his suit, but even ignoring the fact that all of those incidents occurred after the filing of the complaint, none of the alleged incidents involve violence or threat of violence. Instead, Plaintiff simply explains that he is continuing to be denied religious services and kosher meals.

Because Plaintiff did not allege violence or the threat of violence, the Court finds that Plaintiff has failed stated a claim under § 52.1. See, e.g., Gottschalk, 964 F. Supp. at 1164 (economic coercion and character assassination do not constitute violence or threats of violence within the meaning of § 52.1); Brook v. Carey, 352 F. App'x 184, 185 (9th Cir. 2009) (failure to timely respond to a prisoner's requests, grievances, and appeals does not constitute threats, intimidation, or coercion within the meaning of § 52.1). Therefore, the Court finds that Plaintiff's claim under § 52.1 should be dismissed.

However, as stated above, Plaintiff mentioned in his opposition that defendants threatened violence based on allegations not in his complaint. Accordingly, for the reasons discussed above in regards to granting Plaintiff leave to amend his complaint to add a claim under § 51.7, the Court will recommend that the § 52.1 claim be dismissed with leave to amend. Again, the Court cannot determine if amendment would be futile based on the facts provided in Plaintiff's opposition.

### 4. Immunity Under California Government Code § 845.2

Defendants assert they are immune from all of Plaintiff's state law claims under Cal. Gov. Code § 845.2, including his claim for intentional infliction of emotional distress, because the

---

2008) ("California law on the issue is admittedly murky, but our best interpretation of the law as it currently stands is that section 52.1 does not require violence or threat of violence."). However, Moreno is an unpublished case and is not precedential. Further, Moreno seems to be dealing with the issue of whether there needs to be a separate threat of violence, in addition to the constitutional violation. Finally, after Moreno was decided, district courts in the Ninth Circuit have held that violence or the threat of violence is still required. Muhammad v. Garrett, 66 F. Supp. at 1296; Gottschalk v. City & Cty. of San Francisco, 964 F. Supp. 2d 1147, 1163 (N.D. Cal. 2013); Richardson v. City of Antioch, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).

9

claims are premised on the failure of Defendants to provide sufficient equipment, personnel, and facilities. (ECF No. 15-1, pg. 8). Plaintiff states that Defendants are misconstruing the facts, and that at no time in the complaint is there an alleged failure to provide equipment, facilities, or personnel. (ECF No. 16, p. 3). According to Plaintiff, the equipment, facilities, and personnel were all available, but Defendants refused to utilize them to provide kosher meals and religious services. (Id. at pgs. 3-5).

### i. *Legal Standard*

California Government Code § 845.2 states "[e]xcept as provided in Chapter 2 (commencing with Section 830), neither a public entity nor a public employee is liable for failure to provide a prison, jail or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein." The California Supreme Court explained that Government Code § 845.2 "was designed to prevent political decisions of policy-making officials of government from being second-guessed by judges and juries in personal injury litigation. [Citation.] In other words, essentially budgetary decisions of these officials were not to be subject to judicial review in tort litigation." Zelig v. Cty. of Los Angeles, 27 Cal. 4th 1112, 1142 (2002), citing Mann v. State of California, 70 Cal. App. 3d 773, 778-79 (1977) (alteration in original).

Courts have applied § 845.2 to bar claims for faulty equipment, insufficient equipment and staff, and denying prisoners access to existing programs in light of budget or policy deficiencies. Taylor v. Buff, 172 Cal. App. 3d 384, 387 (Ct. App. 1985) (applying § 845.2 to bar claims for nonfunctioning locking system on cell doors when funds were insufficient to make necessary repairs); Estate of Abdollahi v. Cty. of Sacramento, 405 F. Supp. 2d 1194 (E.D. Cal. 2005) (applying § 845.2 to bar claims for failure to provide adequate staffing to perform safety checks); Ashker v. Schwarzenegger, No. C 05-03286 CW, 2009 WL 801557, at *24 (N.D. Cal. Mar. 25, 2009), aff'd, 465 F. App'x 718 (9th Cir. 2012) (stating that under § 845.2 "public entities and public employees [are] immune from suit for failure to provide prison programs").

### ii. *Analysis*

Section 845.2 only allows immunity from Plaintiff's claims that involve insufficient

equipment or supplies due to budgetary issues or policy decisions. However, there are no allegations in Plaintiff's complaint that Plaintiff was denied Kosher meals and religious services because of budgetary issues or for policy reasons. As such, the Court finds that § 845.2 does not apply at this stage in the case. Defendants may be able to raise this defense based on evidence to come, but a finding that Defendants are immune based on the face of the complaint is unwarranted.

### IV. PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL

Included in Plaintiff's opposition to Defendants' motion to dismiss is a request that the Court request that an attorney serve as Plaintiff's (and all similarly situated Plaintiffs) pro bono counsel. (ECF No. 16). "There is no constitutional right to appointed counsel in a § 1983 action," Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. At this early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to court orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

\\\

## V. PLAINTIFF'S REQUEST THAT DEFENDANTS BE SANCTIONED FOR CONDUCTING DISCOVERY

Plaintiff requests that the Court sanction Defendants for conducting discovery. (ECF No. 16, p. 8). According to Plaintiff, Defendants have obtained a copy of Plaintiff's central file. (Id.).

The Court will address this issue at the scheduling conference on January 30, 2017, at 2:00 p.m. At that time, the Court will inquire how Defendants have access to Plaintiff's central file despite the fact that the CDCR is not a party and discovery has not yet begun to determine if Defendants engaged in sanctionable conduct.

It may be that rather than engaging in unauthorized discovery, Defendants have the ability to access such documents without using discovery under Federal Rule of Civil Procedure 45 due to their, and their counsel's, relationship with the CDCR and access to CDCR documents. Defendants are advised that their initial disclosure requirements and further discovery going forward extends to documents in their possession, custody, and control even if those documents belong to the CDCR. Put simply, if, without resorting to discovery, Defendants have the ability to obtain documents from the CDCR for their own use, the Court will be hard pressed to allow Defendants to withhold CDCR documents from Plaintiff in discovery on the basis that CDCR is not a party to this lawsuit.

## VI. CONCLUSION AND RECOMMENDATIONS

The Court recommends finding that Plaintiff's claims under California Civil Code §§ 51, 52, and 52.1 should be dismissed.

With respect to Defendants' motion to dismiss all of Plaintiff's state law claims based on immunity under California Government Code § 845.2, the Court recommends finding that Defendants are not entitled to immunity at this stage in the proceedings.

Therefore, Defendants' motion to dismiss should be granted in part and denied in part.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1) Defendant's motion to dismiss be granted in part and denied in part;

2) To the extent that Plaintiff asserted a cause of action under California Civil Code § 51, Defendants' motion to dismiss be GRANTED as to Plaintiff's cause of action under California Civil Code § 51;

3) Plaintiff be granted leave to amend his complaint to add a claim under § 51.7;

4) Defendants' motion to dismiss be GRANTED as to Plaintiff's cause of action under California Civil Code § 52;

5) Defendants' motion to dismiss be GRANTED as to Plaintiff's cause of action under California Civil Code § 52.1, with leave to amend; and

6) Defendants are not entitled to immunity under California Government Code § 845.2 at this stage in the case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, it is ORDERED that Plaintiff's request for pro bono counsel is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's request that Defendants be sanctioned for conducting discovery will be heard at the scheduling conference on January 30, 2017, at 2:00 p.m.

IT IS SO ORDERED.

Dated: **November 22, 2016**        /s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE