UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HAUSEUR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATALIE CLARK, et al.,<br><br>　　　　　Defendants. | No. 1:14-cv-01987-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING MOTION TO DISMISS IN PART, ALLOWING LEAVE TO AMEND CERTAIN CLAIMS, AND REFERRING MATTER TO MAGISTRATE JUDGE<br><br>(Doc. Nos. 15) |

　　　　Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  In his complaint plaintiff alleges that his First Amendment rights to free exercise of religion and to be free from retaliation were violated by defendants.  In addition, plaintiff's complaint asserts various state law causes of action.  Plaintiff originally filed this action in the Kings County Superior Court.  It was removed to this court by defendants on December 10, 2014.  (Doc. No. 2.)  The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 29, 2016, defendants filed a motion to dismiss.  (Doc. No. 15.)  The assigned magistrate judge issued findings and recommendations on November 23, 2016, recommending that defendants' motion to dismiss be granted in part and denied in part.  (Doc. No. 31.)  The parties were given thirty days to file objections to the findings and recommendations, and ten

1

days thereafter to file replies to any objections submitted.  (*Id.* at 13.)  Neither party has filed objections to the findings and recommendations and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the undersigned finds the findings and recommendations to be supported by the record and proper analysis, save and except as discussed below.

The magistrate judge concluded that plaintiff could not state a claim under the Bane Act, California Civil Code § 52.1, because none of plaintiff's allegations involve violence or the threat of violence.  (Doc. No. 38 at 7–8.)  The undersigned disagrees.  An allegation of either violence or the threat of violence is only necessary if the alleged violations of the Bane Act are based entirely on speech.  *See Hearns v. Gonzales*, No. 1:14-cv-01177-DAD-MJS, 2016 WL 110437, at *1–2 (E.D. Cal. Jan. 11, 2016) ("[T]here is no requirement under California law to allege an act of violence has occurred or was threatened in order to state a claim under § 52.1, but rather only that the exercise of rights protected either by federal law or California law was 'interfered with' by 'threat, intimidation, or coercion.'"); *see also Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 827-28 (2004) (permitting claims under § 52.1 based on allegedly unlawful searches and seizures by several law enforcement officers, despite the fact that there were no allegations of violence or threats of violence against the two plaintiffs); *Moreno v. Town of Los Gatos*, 267 Fed. App. 665, 666 (9th Cir 2008) ("[S]ection 52.1 does not require violence or threat of violence.")[1]  Otherwise, a plaintiff must allege only two things to state a cognizable Bane Act claim under California law: 1) "intentional interference or attempted interference with a state or federal constitutional or legal right," and; 2) that "the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal App. 4th 41, 67 (2015) (citing *Jones v. Kmart Corp.*, 17 Cal 4th 329, 334 (1998)).

In this case, the magistrate judge screened plaintiff's complaint and found that it stated cognizable § 1983 claims based on both the alleged interference with plaintiff's right to free

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

exercise of religion and for retaliation, both under the First Amendment. (Doc. No. 14 at 5–6.) According to the screening order, plaintiff stated a cognizable retaliation claim because he alleged the defendants threatened to use their authority to purposefully continue to violate his free exercise rights if he did not withdraw his administrative appeals. (*Id.* at 6.) Following this threat and plaintiff's decision not to withdraw his appeal, defendants allegedly did inhibit plaintiff's ability to engage in the free exercise of religion. (*Id.*) As alleged, these actions constitute threats and coercion and are sufficient to state a cognizable Bane Act claim.

For these reasons, the undersigned declines to adopt the findings and recommendations only in this regard, and defendants' motion to dismiss plaintiff's Bane Act claim will be denied. The findings and recommendations are otherwise adopted.

Accordingly:

1. The court adopts the findings and recommendations issued by the magistrate judge on November 23, 2016 (Doc. No. 31) save and except as indicated above;

2. Defendants' motion to dismiss (Doc. No. 15) is granted in part and denied in part;

3. To the extent plaintiff asserted a cause of action under California Civil Code § 51 (Unruh Civil Rights Act), defendants' motion to dismiss is granted without leave to amend;

4. Defendants' motion to dismiss is granted as to plaintiff's cause of action brought under California Civil Code § 51.7.  However, plaintiff is granted leave to amend with respect to this claim and any amended complaint[2] or notice of plaintiff's intention not to file an amended complaint is to be filed and served within thirty (30) days of the date of this order;

5. Defendants' motion to dismiss is granted as to plaintiff's cause of action under California Civil Code § 52 without leave to amend;

---

[2] As indicated by the magistrate judge in the findings and recommendations, plaintiff is advised that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).  Once an amended complaint is filed, the original pleading no longer serves any function in the case.  Finally, any amended complaint plaintiff may elect to file must bear the docket number assigned to this case and be labeled "Amended Complaint."

      6.  Defendants' motion to dismiss is denied as to plaintiff's Bane Act cause of action brought under California Civil Code § 52.1;

      7.  Defendants' motion to dismiss based upon their entitlement to immunity under California Government Code § 845.2 is denied without prejudice; and

      8.  This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **January 31, 2017**　　　　　　　　　　_Dale A. Drozd_
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE